# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | | |
|---|---|---|
| **LANITA BOWMAN, individually, and as widow and surviving spouse of MICHAEL BOWMAN,** | : : : : | **Case No.** _____ **Judge** _____ |
| **Plaintiff,** | : : | |
| v. | : : | |
| **HOME DEPOT U.S.A., INC. and JLG INDUSTRIES, INC.,** | : : : | |
| **Defendants.** | : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant JLG Industries, Inc. ("JLG") hereby gives notice of the removal of this case from the Circuit Court of Rutherford County, Tennessee to the United States District Court for the Middle District of Tennessee, Nashville Division, and in support thereof states the following facts:

### THE REMOVED CASE

1. On or about November 1, 2021, Plaintiff Lanita Bowman, individually, and as widow and surviving spouse of Michael Bowman ("Plaintiff") filed a Complaint in the Circuit Court, Rutherford County, Tennessee at Murfreesboro, captioned *Lantia Bowman, individually, and as widow and surviving spouse of Michael Bowman v. Home Depot U.S.A., Inc. and JLG Industries, Inc.*, and assigned Case No. 79131.

2. This lawsuit stems from a November 8, 2020 accident in Rutherford County, Tennessee. Plaintiff claims that the decedent, Michael Bowman, rented a thirty-five-foot JLG lift from Home Depot for the purpose of trimming tree limbs at his home. While doing so, a limb fell

onto the bucket of the lift, ejecting and causing him to fall to the ground below resulting in his death.

## PAPERS FROM REMOVED ACTION

3. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon JLG are attached to this Notice of Removal as **Exhibit A**.

## THE REMOVAL IS TIMELY

4. JLG was served with a copy of the Summons and Complaint on November 4, 2021. Therefore, this removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of service of process upon JLG.

## DIVERSITY OF CITIZENSHIP EXISTS

5. Plaintiff is, and was at the time Plaintiff filed this lawsuit, a resident and citizen of Murfreesboro, Rutherford County, Tennessee. *See* Complaint at ¶ 1.

6. Defendant Home Depot U.S.A., Inc. is, and was at the time Plaintiff filed this lawsuit, a Delaware corporation with its principal place of business in Georgia. *See* Complaint at ¶ 2.

7. Defendant JLG is, and was at the time Plaintiff filed this lawsuit, a Pennsylvania corporation with its principal place of business in Pennsylvania. *See* Complaint at ¶ 3.

8. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.A. § 1332 (c)(1). Therefore, Home Depot is a citizen of Delaware and Georgia and JLG is a citizen of Pennsylvania.

9. Therefore, complete diversity exists between Plaintiff and Defendants under 28 U.S.C. §1332.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

10. In accordance with the requirements of 28 U.S.C. § 1332(a), the amount in controversy that is sought by Plaintiff in this dispute exceeds $75,000.00, not including interest and/or costs.

11. Specifically, Plaintiff's seek the following damages:

   a. Medical expenses, funeral expenses, physical and mental pain and suffering, lost wages, and lost earning capacity by the decedent;

   b. Pecuniary value of the decedent's life;

   c. Loss of consortium to his spouse in the sum of Seven Hundred, Fifty Thousand Dollars ($750,000.00);

   d. Loss of consortium to each of his children in the sum of Seven Hundred, Fifty Thousand Dollars ($750,000.00);

   e. Non-economic damages in the sum of One Million Dollars ($1,000,000.00);

   f. All damages allowable and recoverable pursuant to the Tennessee Consumer Protection Act, including reasonable attorneys' fees; and

   g. Punitive damages in the sum of Two Million, Five Hundred Thousand Dollars ($2,500,000.00).

*See* Complaint at p. 17.

12. A fair reading of the Complaint shows the amount in controversy, as claimed by Plaintiff, exceeds $75,000 as required by 28 U.S.C. § 1332, exclusive of interest and costs.

## VENUE REQUIREMENT IS MET

13. Venue of this removal is proper under 28 U.S.C. § 1441(a) in the United States District Court for the Middle District of Tennessee, Nashville Division, because the Circuit Court,

Rutherford County at Murfreesboro, Tennessee, where Plaintiff filed the instant action, is within the Middle District of Tennessee, Nashville Division. *See* 28 U.S.C. § 123(b)(1).

**FILING OF REMOVAL PAPERS**

14. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiff, as required by 28 U.S.C. § 1446(d). JLG will promptly file a copy of this Notice with the Clerk of the Circuit Court of Rutherford County, Tennessee, as required by 28 U.S.C. § 1446(d).

**CONSENT**

15. Defendant Home Depot, U.S.A., Inc. consents to this removal. Home Depot's Consent to Removal is attached hereto as **Exhibit B**.

**CONCLUSION**

16. The state-court action may be removed to this Court in accordance with 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Middle District of Tennessee; (ii) there is complete diversity of citizenship between Plaintiff and Defendants; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. By removing this action to this Court, JLG does not waive any defenses, objections, or motions available to it under state or federal law. JLG specifically reserves its right to object to personal jurisdiction in this matter, and to move to dismiss Plaintiff's Complaint for lack of the same.

WHEREFORE, JLG gives notice that the action bearing Case No. 79131 in the Circuit Court of Rutherford County, Tennessee, is removed to this Court under 28 U.S.C. § 1441. JLG requests that this Court retain jurisdiction for all further proceedings in this case.

Respectfully submitted,

*/s/ Tonya J. Austin*
Tonya J. Austin (BPR No. 033771)
FROST BROWN TODD LLC
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
615-251-5581 / 615-251-5551 (Fax)
taustin@fbtlaw.com

*Attorney for JLG Industries, Inc.,*

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was served this day 24th day of November 2021, via electronic mail on:

William B. Jakes, III
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
bjakes@howell-fisher.com

Terry A. Fann
WALDRON, FANN & PARSLEY
101 North Maple Street
Murfreesboro, TN 37130
terryfann@wfptnlaw.com

*Attorneys for Plaintiff*

                                            */s/ Tonya J. Austin*
                                            Tonya J. Austin (BPR No. 033771)

0104017.0750891  4864-6757-7348v2

6
Case 3:21-cv-00885   Document 1   Filed 11/24/21   Page 6 of 6 PageID #: 6