# IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

LANITA BOWMAN, individually,    )
and as widow and surviving    )
spouse of MICHAEL BOWMAN,    )

    Plaintiff,    )

v.    )    Case No. 79131
    )    JURY DEMAND

HOME DEPOT U.S.A., INC. and    )
JLG INDUSTRIES, INC.,    )

    Defendants.    )

**FILED**
NOV 0 1 2021
3:20 P O'CLOCK M
MELISSA HARRELL
DEPUTY CLERK

## COMPLAINT

Plaintiff, Lanita Bowman, individually, and as widow and surviving spouse of Michael Bowman, pursuant to Tenn. Code Ann. § 20-5-107 and on her behalf and on behalf of their children, by and through counsel, submits this Complaint against the Defendants, HOME DEPOT U.S.A., INC. (hereinafter referred to as "HOME DEPOT"), and JLG Industries, Inc. (hereinafter referred to as "JLG"), and states as follows:

## PARTIES

1.    Plaintiff Lanita Bowman is a citizen and resident of Murfreesboro, Rutherford County, Tennessee. Plaintiff Lanita Bowman is the widow, surviving spouse, and next of kin of Michael Bowman, deceased. The Plaintiff and the decedent have three (3) adult children, Mallory Elaine Bowman Wilbanks, Holly Marie Bowman, and Dylan Lance Bowman.

2.    Defendant Home Depot U.S.A., Inc., is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Georgia.

3.    Defendant JLG Industries, Inc., is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in the State of Pennsylvania.

1

## COUNT I-NEGLIGENCE
## HOME DEPOT U.S.A., INC.

1.     On and about November 8, 2020, the Defendant, Home Depot, was a corporation doing business in the State of Tennessee and was engaged in the business of renting, selling and/or marketing power equipment including, but not limited to, JLG hydraulic lifts.

2.     On November 8, 2020, Michael Bowman entered into a rental contract with Defendant, Home Depot, for the rental of a thirty-five (35) foot JLG lift at the Home Depot retail store located at 1750 Old Fort Parkway in Murfreesboro, Rutherford County, Tennessee.

3.     On November 8, 2020, Michael Bowman was operating the lift and trimming tree limbs at his home at 123 Love Court in Murfreesboro, Rutherford County, Tennessee, when a tree limb fell on the lift's bucket violently ejecting Michael Bowman from the bucket causing him to somersault and fall to the ground below resulting in his death.

4.     At all times relevant and material hereto, Defendant Home Depot, had a duty to use ordinary care in the rental and service of the JLG lift to Michael Bowman on November 8, 2020.

5.     Despite said duty, on and before the aforesaid date, Defendant Home Depot, by and through its agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

a.     Negligently failed to offer any type of instruction or demonstration regarding the proper and safe use, operation, dangers, and/or safety precautions for the JLG lift at the time of renting it to Michael Bowman;

b.     Negligently failed to warn of the hazards and unreasonable dangers of the JLG lift when it was foreseeable that the consumer would use the thirty-five (35) foot lift at extended heights to trim trees and sustain injuries, even death such as Michael Bowman did;

2

c.      Negligently failed to exercise ordinary care, including the duty to protect and safeguard the consumer, Michael Bowman, when it knew or should have known the thirty-five (35) foot lift rented to him was defective and/or dangerous, and that Michael Bowman would use the lift at extended heights which was the purpose for which it was rented to him;

d.      Negligently supplied and/or rented the faulty, defective and dangerous product for which it was foreseeable could harm the general consuming public, such as Michael Bowman, without proper instruction, warnings, safety devices, and training for its use;

e.      Negligently failed to properly test the lift for defects;

f.      Negligently failed to properly inspect the lift for defects; and

g.      Negligently failed to provide Michael Bowman with reasonable and necessary safety equipment as it knew or should have known that Bowman would use the lift at an extended height to trim trees, the purpose for which it was rented to him, and would require safety equipment to prevent injury and death.

6.      As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of the Defendant, Home Depot, Michael Bowman did suffer fatal injuries which resulted in his death.

7.      The manner in which Michael Bowman was injured was reasonably foreseeable by the Defendant, Home Depot, as at the time of his death, Bowman was using the lift for the intended purpose that it was provided to him by Defendant Home Depot.

## COUNT II - STRICT LIABILITY
## THE HOME DEPOT U.S.A., INC.

1-3.      The Plaintiff herein restates and incorporates by reference Paragraphs 1 through 3 of Count I as Paragraphs 1 through 3 of this Count II as though fully set forth herein.

3

4. The JLG lift, as provided and rented by Home Depot to Bowman, was defective and unreasonably dangerous because it failed to provide adequate safeguards that would have prevented Michael Bowman from foreseeable risks, such as ejection from the lift's bucket when extended thirty-five (35) feet into the air, and failed to warn of foreseeable risks such as ejection from the lift's bucket while using the lift for the purpose for which it was rented to Bowman.

5. The above-stated defective and unreasonably dangerous conditions existed at the time the JLG lift left the control of Defendant Home Depot and was provided to its customer, Bowman.

6. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of the Defendant, Home Depot, Michael Bowman was ejected from the bucket of the lift while trimming trees, suffering fatal injuries.

## COUNT III - BREACH OF WARRANTY
## HOME DEPOT U.S.A., INC.

1-3. The Plaintiff herein restates and incorporates by reference Paragraphs 1 through 3 of Count I as Paragraphs 1 through 3 of this Count III as though fully set forth herein.

4. On November 8, 2020, the Defendant Home Depot, by and through the rental of the JLG lift, expressly and impliedly warranted to the public, and consumers such as Michael Bowman, that the lift was fit for the purposes for which it was intended, including that it was safe for use.

5. On November 8, 2020, Michael Bowman used the lift for the exact purpose for which it was leased to him by Defendant Home Depot, and relied upon the expressed and implied warranties; however, the JLG lift was not fit for its intended use, was unsafe as rented to Bowman, rendering the product in question foreseeably and unreasonably dangerous, resulting in the ejection

4

from the lift bucket of Michael Bowman while he was trimming trees causing him to fall to the ground and suffer fatal injuries.

6. Defendant Home Depot breached the expressed and implied warranties by renting the lift to Bowman and the failure of the lift to be safe for the use and operation of Bowman while using it for its intended purpose as alleged herein.

## COUNT IV – VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT HOME DEPOT U.S.A. INC.

1-3. The Plaintiff herein restates and incorporates by reference Paragraphs 1 through 3 of Count I as Paragraphs 1 through 3 of this Count IV as though fully set forth herein.

4. Defendant Home Depot assembled, supplied, leased, and/or distributed the JLG lift and placed the lift into the stream of commerce in Murfreesboro, Rutherford County, Tennessee.

5. Defendant Home Depot conducted trade or commerce by assembling, supplying, leasing, and/or distributing the lift and placing the JLG lift into the stream of commerce in Murfreesboro, Rutherford County, Tennessee.

6. Defendant Home Depot intentionally chose to omit feasible and available materials, including a safety harness and/or other safety mechanisms, and technologies from the lift that would have prevented consumer, Michael Bowman's, fall and death, and all other injuries and damages caused to the Plaintiff.

7. Defendant Home Depot represented that the JLG lift was in good working order and safe for the consumer, Bowman, to operate, when, in fact, it was not as it was lacking sufficient and adequate safety devices for the consumer in the lift bucket.

5

8.      By representing that the lift was in good working order and safe for the consumer, Bowman, to use, when, in fact, it was not, Defendant Home Depot committed at least the following enumerated unfair or deceptive acts or practices:

a.      Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

b.      Causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another;

c.      Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have; and

d.      Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another.

9.      By choosing to omit feasible and available materials, warnings and safety technologies from the lift that would have prevented Bowman's ejection and fall to his death, and all of Plaintiff's damages, Defendant Home Depot committed an unfair, deceptive, and unlawful practice affecting trade or commerce within the meaning of the Tennessee Consumer Protection Act of 1977.

10.     Defendant Home Depot's conduct otherwise constitutes an unfair, deceptive, and unlawful practice affecting trade or commerce within the meaning of the Tennessee Consumer Protection Act of 1977, as codified at T.C.A. § 47-18-101, *et seq*.

11.     Defendant Home Depot therefore violated the Tennessee Consumer Protection Act of 1977.

6

12.     Defendant Home Depot's violation of the Tennessee Consumer Protection Act of 1977 directly and proximately caused Bowman's death and all damages to Plaintiff, entitling the Plaintiff to recover all damages allowed pursuant to the Tennessee Consumer Protection Act, including reasonable attorneys' fees.

### COUNT V – PUNITIVE DAMAGES AGAINST HOME DEPOT U.S.A., INC.

1-3.     The Plaintiff herein restates and incorporates by reference Paragraphs 1 through 3 of Count I as Paragraphs 1 through 3 of this Count V as though fully set forth herein.

4.     Defendant Home Depot knew or should have known that absent proper warnings and with the lack of safety instructions and safety equipment, the lift was unreasonably dangerous and that during its ordinary and intended use, the consumer, Bowman, could and would suffer fatal injuries.

5.     Defendant Home Depot was aware of warnings and instructions as well as safety equipment that would have made the lift safe for use by consumers such as Bowman, and that other lifts incorporated and included those warnings and instructions. Instead of incorporating those warnings, instructions, and safety equipment into the rental of the lift to the consumer, Bowman, Home Depot chose the cheaper alternative in order to reduce its costs and increase revenues and profits.

6.     Defendant Home Depot chose profits over consumer safety, which decision caused Michael Bowman's death and all damages to the Plaintiff.

7.     Defendant Home Depot was reckless in its decision to not provide safety equipment or warnings and instructions to the consumer, Bowman, and that recklessness is the direct and proximate cause of the accident described in the Complaint, along with all injuries suffered by the Plaintiff and all damages resulting from those injuries.

7

8. Defendant Home Depot recklessly failed to provide to the consumer, Bowman, safety training and/or a safety apparatus and that failure to provide any safety training, instruction, or a safety apparatus to ensure that the lift would be safe to use when extended in excess of thirty (30) feet was reckless, and its recklessness was the proximate cause of the accident, Bowman's injuries, and all resulting damages.

9. Home Depot authorized, ratified, and approved the failure of its employees/agents to not provide consumers such as Bowman with a safety harness or any safety apparatus or safety training or warnings prior to renting the JLG thirty-five (35) foot lift to consumers, such as Bowman, knowing that the lift would be extended to maximum heights in order to trim trees such as Bowman was doing at the time of his fatal accident. Thus, Defendant Home Depot knew that proper safety equipment, warnings, and training were not being provided by its employees on the day and at the time of Bowman's accident. By approving the failure to supply safety equipment and/or a harness to the consumer, Bowman, Defendant Home Depot consciously and recklessly disregarded that the omission of the use of a safety apparatus or harness or training could reasonably and foreseeably result in substantial loss or injury to the consumer, Bowman.

10. Defendant Home Depot authorized, ratified, and approved the actions of its employee/agent on the date of the accident, which was the same date the JLG lift was rented to the consumer, Bowman, by not properly training the employee/agent to provide safety equipment, warnings or instruction along with the rent of an inherently dangerous product such as the JLG lift, which it knew was going to be used by the consumer to trim trees high above the ground, and it recklessly approved the actions and omissions of its employee/agent by accepting the rental agreement with the consumer, Bowman, which constitute the direct and proximate cause of the accident, and all injuries resulting therefrom.

8

11.     After Defendant Home Depot became aware of the injuries and damages caused by its misconduct, rather than take remedial action or make amends for its misconduct, Defendant Home Depot concealed its acta and omissions and refused to provide the Plaintiff with any information requested. Specifically, Defendant Home Depot intentionally ignored and failed to respond to Plaintiff's requests for information which were communicated by letters/e-mails to its representatives on November 12, 2020, April 16, 2021, and August 17, 2021 (attached as Exhibit 1) as well as e-mails sent on August 17, 2021, August 30, 2021, and August 31, 2021 (attached as Exhibit 2).

## COUNT VI- NEGLIGENCE
## JLG INDUSTRIES, INC.

1.     On and prior to November 8, 2020, the Defendant, JLG, was a corporation doing business in the State of Tennessee and was engaged in the business of renting, selling and/or marketing power equipment including, but not limited to, JLG hydraulic lifts.

2.     On November 8, 2020, Michael Bowman entered into a rental contract with Defendant Home Depot for the rental of a thirty-five (35) foot JLG lift at the Home Depot retail store located at 1750 Old Fort Parkway in Murfreesboro, Rutherford County, Tennessee.

3.     On November 8, 2020 Michael Bowman was operating the lift and trimming tree limbs at his home at 123 Love Court in Murfreesboro, Rutherford County, Tennessee, when a tree limb fell on the lift's bucket violently ejecting Michael Bowman from the bucket causing him to somersault and fall to the ground below resulting in his death.

4.     At all times relevant and material hereto, Defendant JLG had a duty to use ordinary care in the rental and service of the lift to consumer, Michael Bowman, on November 8, 2020, through its agent, Home Depot.

9

5. Despite said duty, on and before the aforesaid date, Defendant JLG, by and through its agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

a. Negligently failed to warn of the safety hazards and unreasonable dangers of use of the lift when it was foreseeable that the consumer, Bowman, would use the lift at extended heights to trim trees and sustain injuries and death;

b. Negligently failed to exercise ordinary care, including the duty to protect and safeguard the consumer, Michael Bowman, when it knew or should have known the lift rented to him was defective and/or dangerous, and failed to provide adequate safety equipment and/or a harness, and that the consumer, Michael Bowman, would use the lift at extended heights which was the purpose for which it was rented to him;

c. Negligently designed, manufactured, marketed and sold the faulty, defective and unreasonably dangerous lift without appropriate and proper safety equipment for the consumer, Michael Bowman, knowing that the consumer would use the lift at extended heights which was the purpose for which it was rented to him;

d. Negligently failed to provide safeguards, warnings, or any safety apparatus that would have prevented the ejection of the consumer, Michael Bowman, from the lift so as to prevent foreseeable risks of fatal injuries;

6. As a direct and proximate result of one or more of the foregoing wrongful and negligent acts and/or omissions of the Defendant, JLG, Michael Bowman did suffer fatal injuries in his use of the JLG lift for the purpose for which it was rented to him.

7. The manner in which the consumer, Michael Bowman, was injured was reasonably foreseeable by the Defendant, JLG, at the time it provided the lift to Defendant Home Depot for

10

its rental to consumers, such as Bowman, as at the time of his death, Bowman was using the lift for the intended purpose that it was provided to him by Defendant Home Depot without proper safety equipment, warnings or instruction.

## COUNT VII - STRICT LIABILITY
## JLG INDUSTRIES, INC.

1-3. The Plaintiff herein restates and incorporates by reference Paragraphs 1 through 3 of Count VI as Paragraphs 1 through 3 of this Count VII as though fully set forth herein.

4. The lift was sold/provided by Defendant JLG to Defendant Home Depot and rented by Defendant Home Depot and was defective and unreasonably dangerous because it failed to provide safeguards that would have prevented Michael Bowman from foreseeable risks such as ejection from the lift's bucket and failed to warn of foreseeable risks such as ejection from the lift's bucket while the lift was being used for the purposes for which it was rented to the consumer.

5. The above-stated defective and unreasonably dangerous conditions existed at the time the subject lift left the control of JLG and was provided to the customer, Bowman.

6. As a direct and proximate result of one or more of the foregoing wrongful and negligent acts and/or omissions of the Defendant, JLG, Michael Bowman did suffer injuries which resulted in his death and all resulting damages.

## COUNT VIII- BREACH OF IMPLIED WARRANTY
## JLG INDUSTRIES, INC.

1-3. The Plaintiff herein restates and incorporates by reference Paragraphs 1 through 3 of Count VI as Paragraphs 1 through 3 of this Count VIII as though fully set forth herein.

4. On November 8, 2020, Defendant JLG expressly and impliedly warranted to the public, and consumers such as Michael Bowman, that the lift was fit for the purposes for which it was intended, including that it was safe for use by a consumer.

11

5.     On November 8, 2020, consumer Michael Bowman used the lift for the exact purpose for which it was leased to him by Defendant Home Depot, and relied on the expressed and implied warranties; however, the JLG lift was not fit for its intended use, was unsafe as rented to Bowman, rendering the product in question unreasonably dangerous and resulting in the death of Michael Bowman and all damages flowing therefrom.

6.     Defendant JLG breached the expressed and implied warranties by the failure of the lift to be safe for the use and operation by the consumer, Bowman, while using it for its specific intended purpose as alleged herein.

## COUNT IX – VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT JLG INDUSTRIES, INC.

1-3.    The Plaintiff herein restates and incorporates by reference Paragraphs 1 through 3 of Count VI as Paragraphs 1 through 3 of this Count IX as though fully set forth herein.

4.     Defendant JLG assembled, supplied, distributed, and provided the subject lift to Defendant Home Depot and placed the lift into the stream of commerce in Murfreesboro, Rutherford County, Tennessee.

5.     Defendant JLG conducted trade or commerce by assembling, supplying, distributing, and providing the lift to Defendant Home Depot and placing the subject lift into the stream of commerce in Murfreesboro, Rutherford County, Tennessee.

6.     Defendant JLG intentionally chose to omit feasible and available materials, including a safety harness and/or other safety mechanisms, and technologies from the lift that would have prevented the consumer, Michael Bowman, from being ejected from the lift while using it for its intended purpose, causing his fatal injuries and all damages flowing therefrom.

12

7. Defendant JLG represented that the lift was in good working order and safe for the consumer, Bowman, to operate, when, in fact, it was not as it was without sufficient and adequate safety devices for the consumer using the product for which it was intended in the lift bucket.

8. By representing that the lift was in good working order and safe for the consumer, Bowman, to use, when, in fact, it was not, Defendant JLG committed at least the following enumerated unfair or deceptive acts or practices:

    a. Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

    b. Causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another;

    c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have; and

    d. Representing those goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another.

9. By choosing to omit feasible and available materials, warnings and safety technologies from the lift that would have prevented consumer Bowman's death and all of Plaintiff's damages in this case, Defendant JLG committed an unfair, deceptive, and unlawful practice affecting trade or commerce within the meaning of the Tennessee Consumer Protection Act of 1977.

10. Defendant JLG's conduct otherwise constitutes an unfair, deceptive, and unlawful practice affecting trade or commerce within the meaning of the Tennessee Consumer Protection Act of 1977.

11.     Defendant JLG therefore violated the Tennessee Consumer Protection Act of 1977.

12.     Defendant JLG's violation of the Tennessee Consumer Protection Act of 1977 directly and proximately caused Michael Bowman's death and all damages to the Plaintiff.

## COUNT X – PUNITIVE DAMAGES AGAINST DEFENDANT JLG INDUSTRIES, INC.

1-3.     The Plaintiff herein restates and incorporates by reference Paragraphs 1 through 3 of Count VI as Paragraphs 1 through 3 of this Count X as though fully set forth herein.

4.     Defendant JLG knew that Defendant Home Depot was renting this lift to consumers, and knew or should have known that absent proper warnings and with the lack of safety instructions and safety equipment, the lift was unreasonably dangerous and that during its ordinary and intended use, the consumer, Bowman, could and would suffer fatal injuries.

5.     Defendant JLG was aware of warnings and instructions as well as safety equipment that would have made the lift safe for use by consumers such as Bowman, and that other lifts incorporated and included those warnings and instructions. Instead of incorporating those warnings, instructions, and safety equipment into the rental of the lift to the consumer, Bowman, JLG chose the cheaper alternative in order to reduce its costs and increase revenues and profits.

6.     Defendant JLG chose profits over safety, which decision caused Michael Bowman's death and substantial damages to the Plaintiff.

7.     Defendant JLG was reckless in its decision to not provide safety equipment or warnings and instructions to the consumer, Bowman, and that recklessness is the direct and proximate cause of the accident described in the Complaint, along with all injuries suffered by the Plaintiff and all damages resulting from those injuries.

8.     Defendant JLG recklessly failed to provide to the consumer, Bowman, training and/or a safety apparatus and that failure to provide any safety training, instruction, or a safety

14

apparatus to ensure that the lift would be safe to use when extended in excess of thirty (30) feet was reckless, and its recklessness is the proximate cause of the accident, Bowman's injuries, and all resulting damages.

9. Defendant JLG authorized, ratified, and approved the failure of its employees/agents to not provide consumers such as Bowman with a safety harness or any safety apparatus or safety training prior to renting the JLG thirty-five (35) foot lift to consumers, such as Bowman, knowing that the lift would be extended to maximum heights in order to trim trees such as Bowman was doing at the time of his fatal accident. Thus, Defendant JLG knew or should have known that proper safety apparatus and training was not being provided by Defendant Home Depot employees on the day and at the time of Bowman's accident. By approving the failure to supply safety equipment and/or a harness to the consumer, Bowman, by Defendant Home Depot, Defendant JLG consciously and recklessly disregarded that the omission of the use of a safety apparatus or harness or training could reasonably and foreseeably result in substantial loss or injury to the consumer, Bowman.

10. Defendant JLG authorized, ratified, and approved the actions of its agent, Defendant Home Depot, on the date of the accident, which was the same date the JLG lift was rented to the consumer, Bowman, by not requiring the employee/agent of Defendant Home Depot to provide safety equipment along with the rental of an inherently dangerous product such as the JLG lift, which it knew was going to be used by the consumer to trim trees high above the ground, and it recklessly approved the actions and omissions of Defendant Home Depot, which constitute direct and proximate cause of the accident, and all injuries resulting therefrom.

15

## COUNT XI – DAMAGES

1.     The Plaintiff herein restates and incorporates all of the preceding paragraphs of the Complaint as though fully set forth herein.

2.     As a direct and proximate result of the actions and conduct of the Defendants, as set forth herein, the Plaintiff incurred funeral expenses and medical bills.

3.     As a direct and proximate result of the actions and conduct of the Defendants, as set forth herein, the Plaintiff seeks recovery of all damages that the decedent, Michael Bowman, would have been entitled to recover, including the loss of economic benefit for which she might have reasonably expected to receive from her husband in the form of support, services, and contributions during the remainder of his lifetime, if he had not suffered fatal injuries as described in the Complaint.

4.     As a direct and proximate result of the actions and conduct of the Defendants, as described herein, the Plaintiff seeks damages for physical and mental pain and suffering, lost wages, and lost earning capacity of the decedent, Michael Bowman.

5.     As a direct and proximate result of the actions and conduct of the Defendants, as described herein, the Plaintiff seeks incidental damages to include the pecuniary value of the decedent's life, based upon the expectancy of life, his age, his condition of health and strength, and his capacity for labor and earning wages through his occupation.

6.     As a direct and proximate result of the actions and conduct of the Defendants, as described herein, the Plaintiff seeks damages for loss of consortium for the surviving spouse and the decedent's children, including, but not limited to, the value of mutual society and protection and companionship for the rest of his life expectancy.

16

WHEREFORE, your Plaintiff, Lanita Bowman, individually and as the widow and surviving spouse of Michael Bowman, and on behalf of their children, hereby demands judgment against the Defendants, Home Depot U.S.A., Inc., and JLG Industries, Inc., individually, jointly, and severally, as follows:

1. For medical expenses, funeral expenses, physical and mental pain and suffering, lost wages, and lost earning capacity by the decedent;

2. For the pecuniary value of the decedent's life;

3. For loss of consortium to his spouse in the sum of Seven Hundred, Fifty Thousand Dollars ($750,000.00);

4. For loss of consortium to each of his children in the sum of Seven Hundred, Fifty Thousand Dollars ($750,000.00);

5. For non-economic damages in the sum of One Million Dollars ($1,000,000.00).;

6. For all damages allowable and recoverable pursuant to the Tennessee Consumer Protection Act, including reasonable attorneys' fees; and

7. For punitive damages in the sum of Two Million, Five Hundred Thousand Dollars ($2,500,000.00).

PLAINTIFF DEMANDS A JURY TO TRY THESE CAUSES OF ACTION.

**WILLIAM B. JAKES, III, BPR #10247**
**HOWELL & FISHER, PLLC**
3310 West End Avenue, Suite 550
Nashville, TN 37203-1089
(615) 921-5208
bjakes@howell-fisher.com

State of Tennessee, Rutherford County
The undersigned Circuit Court Clerk of the said County and State, hereby certifies that the foregoing is a correct copy of the instrument filed in the foregoing case in the Circuit Court of Murfreesboro, Tennessee.
This _____ day of _____

MELISSA HARRELL
Deputy Clerk

17

TERRY A. FANN, BPR #12968
**WALDRON, FANN & PARSLEY**
101 North Maple Street
Murfreesboro, TN 37130
(615) 890-7365
terryfann@wfptnlaw.com

*Attorneys for Plaintiff LaNita Bowman,*
*individually, and as widow and surviving spouse of*
*Michael Bowman*

18

# WALDRON, FANN & PARSLEY

### ATTORNEYS AT LAW

R. STEVEN WALDRON

TERRY A. FANN*

BENJAMIN L. PARSLEY, III

S. CHASE FANN

*RULE 31 LISTED GENERAL
 CIVIL MEDIATOR

101 N. MAPLE STREET

MURFREESBORO, TN 37130

(615) 890-7365

FAX: (615) 848-1658

WWW.WFPTNLAW.COM

November 12, 2020

**FILED**

NOV 0 1 2021

3:20 P ___O'CLOCK___ M

MELISSA HARRELL

DEPUTY CLERK

The Home Depot
1750 Old Fort Parkway
Murfreesboro, TN 37129

RE:   **NOTICE & PRESERVATION LETTER**

My Clients:          Lanita Bowman & Mike Bowman
Rental Item No.:     C.P. JLG Pro Boom 35
Date of Accident:    November 8, 2020

Dear Sir or Madam:

Please accept this letter of representation and be advised that my firm has been retained by Lanita Bowman regarding the death of her husband, Mike Bowman, as a result of an incident that occurred while Mr. Bowman was utilizing a Pro Boom 35, which he rented from The Home Depot on Old Fort Parkway in Murfreesboro on November 8, 2020. On that date, as you know, Mr. Bowman was not provided with a safety harness, and while using the Pro Boom to trim trees, a tree limb hit the Pro Boom 35 bucket, causing the bucket to tilt and Mr. Bowman to free fall from the bucket. Mr. Bowman did not survive the injuries he sustained as a result of this fall.

The injuries, damages, and resulting death to Mr. Bowman are substantial, and your insurance carrier must be notified promptly. Please have your insurance carrier contact me immediately regarding this incident.

I would appreciate you forwarding to my office copies of all documents, incident reports, accident reports, or other items regarding the incident which occurred on November 8, 2020, leading to the death of Mr. Bowman, and any records of any follow up investigation.

Please also allow this letter to serve as a Preservation Letter notifying The Home Depot of this incident, its liability, and the likelihood of future litigation, and mandating that The Home Depot preserve all documents, tangible things, and electronically stored information ("ESI") potentially relevant or relating to any possible issues, equipment, activities, circumstances, and/or persons involved, including, but not limited to, all rental, purchase, and/or finance records of Mr. Bowman's rental of the Pro Boom 35 on November 8, 2020, all documents reviewed, signed, and/or discussed for Mr. Bowman's rental of the Pro Boom 35 on November 8, 2020, all documents from the manufacturer regarding the Pro Boom 35 that Mr. Bowman rented on

**EXHIBIT**

**1**

Complaint

November 8, 2020, all documents from the manufacturer regarding the type of Pro Boom 35, generally, all warnings, instructions, and/or requirements for operating the Pro Boom 35, all warnings, instructions, and requirements for selling, renting, and/or operating the Pro Boom 35, all documents relating to the maintenance of the Pro Boom 35 that Mr. Bowman rented on November 8, 2020, all documents relating to the maintenance of the Pro Boom 35, generally, any and all records relating to prior faulty performance and/or complaints of any nature in operating the Pro Boom 35; any previous failure by The Home Depot to provide a customer with all materials required to safely operate any rental equipment, including, but not limited to, the Pro Boom 35; and any statements taken from those involved in the renting of the Pro Boom 35 to Mr. Bowman on November 8, 2020. **This list is not exclusive nor exhaustive.**

The Home Depot should anticipate that much of the information subject to the disclosure or responsive to discovery in this potential matter is stored on its current or former computer systems and other media and devices, including video equipment. The term "ESI," should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as: a) digital communications (email, voicemail, instant messaging); b) word process documents; c) image and facsimile files; d) audio recordings; e) video recordings and animations; and f) reports, investigative files, and g) maintenance records, reports, purchase invoices, and any and all other documents, electronic or otherwise, potentially relevant or relating to any possible issues, equipment, activities, circumstances, and/or persons involved with the incident, injuries, and subsequent death of Mr. Bowman on November 8, 2020, and/or to the rental, purchase, and/or maintenance of the Pro Boom 35 which Mr. Bowman was utilizing at the time of this incident, and the Pro Boom 35 in general.

As you are aware, ESI resides not only in the areas of electronic, magnetic, and optical storage media reasonably accessible to The Home Depot, but also in areas The Home Depot may deem not reasonably accessible. The Home Depot is obligated to preserve potentially relevant evidence from both these sources of ESI, even if The Home Depot does not anticipate producing such ESI.

The request that The Home Depot preserve both accessible and inaccessible ESI is reasonable and necessary. The Home Depot must act immediately to preserve potentially relevant ESI including, without limitation, information with the earlier of a "created" or "last modified" date on or after January 1, 2017, through the date of this letter,[1] and concerning:

---

[1] The *subject matter*, and not dates, define the parameters of this duty to preserve. The date of January 1, 2017, is the scope listed to define a reasonable timeframe estimated to cover documents and ESI related to this litigation based on the information available to counsel at this time. The Home Depot, who has direct access to locate documents and ESI outside of this timeframe but are still relevant to this matter, is directed and obligated to preserve *any and all documents and ESI* that are potentially relevant or relating to any possible issues, equipment, activities, circumstances, and/or persons involved in this anticipated litigation.

1. The events and causes of action relating to the injuries and ultimate death of Michael Bowman on November 8, 2020;

2. The purchase, maintenance, repairs, or any other alterations to the Pro Boom 35 which Mr. Bowman was utilizing at the time of his injuries and ultimate death on that date;

3. Any and all records relating to prior faulty performance and/or complaints of any nature in operating the Pro Boom 35;

4. Any previous failure by The Home Depot to provide a customer with all materials required to safely operate any rental equipment, including, but not limited to, the Pro Boom 35;

5. Mr. Bowman's rental of the Pro Boom 35 on November 8, 2020;

6. All warnings, maintenance, repairs, or any other alterations to the Pro Boom 35 which Mr. Bowman was utilizing at the time of his injuries and ultimate death on that date;

7. All documents, electronic or otherwise, video images, photographic images, or any other documentary or tangible item which documents and/or pertains to the event and/or post-incident investigation of the injuries and ultimate death to Michael Bowman on November 8, 2020.

Adequate preservation of ESI and other documents regarding this incident requires more than simply refraining from efforts to destroy or dispose of such evidence, though such steps should certainly be taken. The Home Depot must also intervene immediately to prevent the loss of relevant ESI due to routine destruction/non-preservation, and employ proper techniques and protocols suited to ensure the protection of ESI. Please be advised that sources of ESI are altered and erased by continued use of The Home Depot's computers and other devices. Consequently, alteration or erasure may result from The Home Depot's failure to act diligently and responsibly to prevent loss or corruption of ESI.

Nothing in this letter for preservation shall be understood to diminish The Home Depot's current obligation to preserve all documents, tangible things, and other potentially relevant evidence or information discussed herein or falling within the duty to preserve. Nothing in this letter for preservation shall be construed to define the items referenced as the exclusive or exhaustive list of those which fall within the duty to preserve.

The Home Depot's preservation obligation extends beyond ESI in its care, possession or custody and includes ESI in the custody of others who are subject to The Home Depot's direction or control. Accordingly, The Home Depot must notify any current or former employee, trainer, manager, supervisor, or other person in possession of potentially relevant ESI to preserve such ESI to the full extent of its obligation to do so, and The Home Depot must take reasonable steps to secure their compliance.

Please confirm within ten (10) days of this letter that you have received this notification of future litigation and request for preservation, and have taken the appropriate steps to ensure that The Home Depot preserves all ESI, documents, and tangible things, potentially relevant or relating to any possible issues, equipment, activities, circumstances, and/or persons involved, including, but not limited to, the non-exhaustive and non-exclusive items discussed herein.

If you have any questions, please feel free to contact me. I look forward to working with you and your staff in this matter.

Very truly yours,

Terry A. Fann
Attorney at Law

TAF:tsg

cc: Lanita Bowman

**Teresa Garrison**

**From:** Bill Jakes <bjakes@howell-fisher.com>
**Sent:** Friday, April 16, 2021 5:26 PM
**To:** Rick Feeley <rwfeeley@bellsouth.net>
**Cc:** Terry Fann <terryfann@wfptnlaw.com>
**Subject:** Re: Home Depot death claim

If you are going to send the letter to the correct persons, do I have to send the same letter to the Secretary of State?

Thanks again.


Bill Jakes

Howell & Fisher PLLC

3310 West End Avenue, Suite 550

Nashville, Tn. 37203

Office: 615-244-3370

Direct: 615-921-5208

bjakes@howell-fisher.com

http://www.howell-fisher.com/bjakes.php


**From:** Rick Feeley <rwfeeley@bellsouth.net>
**Sent:** Friday, April 16, 2021 5:21 PM
**To:** Bill Jakes <bjakes@howell-fisher.com>

1

**Cc:** Terry Fann <terryfann@wfptnlaw.com>
**Subject:** Re: Home Depot death claim

Home Depot U.S.A., Inc. owns and operates the retail stores under the tradename The Home Depot. Home Depot U.S.A., Inc. has a registered agent in Tennessee as listed with the Tennessee Secretary of State. Sending your letter through that agent would mean that it would promptly get to the correct persons within The Home Depot Legal Department. I will send this to Sedgwick and the Legal Department.

Rick Feeley

Feeley Mediation & Business Law LLC

Richard W. Feeley, Esq.
Registered Civil & Domestic Mediator/Arbitrator
Business Legal Solutions Designed for Your Business

rwfeeley@bellsouth.net
678-478-4849
Fax: 770-590-8934
http://www.feeleymediationbusinesslaw.com/

http://www.linkedin.com/in/rwfeeley
The information contained in this e-mail and any attached documents may contain information that is confidential or otherwise protected from disclosure. If you are not the intended recipient of this message, or if this message has been sent to you in error, please immediately alert the sender by reply e-mail and then delete this message, including any attachments. Any dissemination, distribution or other use of the contents of this message by anyone other than the intended recipient is strictly prohibited.


On Friday, April 16, 2021, 05:55:03 PM EDT, Bill Jakes <bjakes@howell-fisher.com> wrote:


Mr. Feeley: Thank you for the quick response. I understand your position and limited ability to help. My hope is that you can connect me with someone with Home Depot who can discuss the case and provide information.

Attorney Terry Fann and I represent the family of Michael Bowman who died on November 8, 2020. On November 12, 2020, Terry sent the attached letter to the Murfreesboro Home Depot store which rented the equipment to Mr. Bowman. To date, we have heard nothing from Home Depot or Sedgwick.
I am not aware of a claim being opened by either.

Thanks again for the quick response.


Bill Jakes

Howell & Fisher PLLC

3310 West End Avenue, Suite 550

2

Nashville, Tn. 37203

Office: 615-244-3370

Direct: 615-921-5208

bjakes@howell-fisher.com

http://www.howell-fisher.com/bjakes.php

---

**From:** Rick Feeley <rwfeeley@bellsouth.net>
**Sent:** Friday, April 16, 2021 4:36 PM
**To:** Bill Jakes <bjakes@howell-fisher.com>
**Subject:** Re: Home Depot death claim

Sedgwick Claims is Home Depot's third-party claims administrator. Sedgwick is also the team that would coordinate the claim with the manufacturer of the rented tool. Are you stating the Store has not opened a claim with Sedgwick?

While it is certainly not my role (I am an outside counsel for Home Depot) I can certainly determine which Examiner at Sedgwick has your client's claim (or determine if a claim has been opened). What is your client's name? What was the date of the incident?

Provide me with some information and I will see if I can assist your being hooked up with the correct person(s) with the Claims Administrator.

Rick Feeley

Feeley Mediation & Business Law LLC

Richard W. Feeley, Esq.
Registered Civil & Domestic Mediator/Arbitrator
Business Legal Solutions Designed for Your Business

rwfeeley@bellsouth.net
678-478-4849
Fax: 770-590-8934
http://www.feeleymediationbusinesslaw.com/

http://www.linkedin.com/in/rwfeeley
The information contained in this e-mail and any attached documents may contain information that is confidential or otherwise protected from disclosure. If you are not the intended recipient of this message, or if this message has been sent to you in error, please immediately alert the sender by reply e-mail and then delete this message, including any attachments. Any dissemination, distribution or other use of the contents of this message by anyone other than the intended recipient is strictly prohibited.

On Friday, April 16, 2021, 04:22:29 PM EDT, Bill Jakes <bjakes@howell-fisher.com> wrote:

3

Mr. Feeley: I have been asked to investigate a death case against Home Depot arising from rental of a lift. My friend Gail Ashworth suggested that I contact you. We have written the Home Depot store in Murfreesboro on 2 occasions but have not received any response. I would like to know the proper person at Home Depot to speak with. Any help you can provide would be greatly appreciated.

Thank you.


Bill Jakes

Howell & Fisher PLLC

3310 West End Avenue, Suite 550

Nashville, Tn. 37203

Office: 615-244-3370

Direct: 615-921-5208

bjakes@howell-fisher.com

http://www.howell-fisher.com/bjakes.php

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited

and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

From: Bill Jakes <bjakes@howell-fisher.com>
Sent: Tuesday, August 17, 2021 6:28 AM
To: Maggie.Davis@sedgwick.com <Maggie.Davis@sedgwick.com>
Cc: Terry Fann <terryfann@wfptnlaw.com>
Subject: RE: Home Depot Claim# 20201158566 - BOWMAN, MICHAEL - 11/08/2020

Ms. Davis: Attached is a copy of a letter prepared by my co-counsel, Terry Fann, which was sent to
Home Depot on 2 occasions since the accident. Can you please let me know whether the information
requested will be provided and, if so, when we can expect it?

Thank you.

Bill Jakes

Howell & Fisher PLLC

3310 West End Avenue, Suite 550

Nashville, Tn. 37203

Office: 615-244-3370

Direct: 615-921-5208

bjakes@howell-fisher.com<mailto:bjakes@howell-fisher.com>

http://www.howell-fisher.com/bjakes.php

**Teresa Garrison**

| | |
|---|---|
| **From:** | Bill Jakes <bjakes@howell-fisher.com> |
| **Sent:** | Sunday, October 24, 2021 2:33 PM |
| **To:** | Teresa Garrison |
| **Cc:** | Terry Fann |
| **Subject:** | RE: Home Depot Claim# 20201158566 - BOWMAN, MICHAEL - 11/08/2020 |

# EXHIBIT 2

**From:** Bill Jakes <bjakes@howell-fisher.com>
**Sent:** Tuesday, August 31, 2021 11:42 AM
**To:** Davis, Maggie <Maggie.Davis@sedgwick.com>
**Cc:** Terry Fann <terryfann@wfptnlaw.com>
**Subject:** Re: Home Depot Claim# 20201158566 - BOWMAN, MICHAEL - 11/08/2020

**Why are you "unable" to provide anything "at this time" ?   What does that mean? Be specific.**

**Do you have some belief that we will not be able to discover the information in Court?**

**I trust that the decision to withhold everything and anything from this widow and her family was made by Home Depot. Can you at least give me some vague description of the basis for Home Depot's refusal to produce the lift and provide details of the transaction which the decedent was a party to?**


Bill Jakes
Howell & Fisher PLLC
3310 West End Avenue, Suite 550
Nashville, Tn. 37203
Office: 615-244-3370
Direct: 615-921-5208
bjakes@howell-fisher.com
http://www.howell-fisher.com/bjakes.php

---

**From:** Davis, Maggie <Maggie.Davis@sedgwick.com>
**Sent:** Tuesday, August 31, 2021 11:36 AM
**To:** Bill Jakes <bjakes@howell-fisher.com>

1

EXHIBIT
2
Complaint

Cc: Terry Fann <terryfann@wfptnlaw.com>
**Subject:** Re: Home Depot Claim# 20201158566 - BOWMAN, MICHAEL - 11/08/2020

Bill,

**At this time I am unable to provide**

Maggie Davis | Claims Examiner
Sedgwick
DIRECT 800-253-4527
EMAIL Maggie.Davis@sedgwick.com
Atlanta, GA
Fax 770-901-3310
www.sedgwick.com | Caring counts®

---

From: Bill Jakes <bjakes@howell-fisher.com>
Sent: Tuesday, August 31, 2021 12:10:23 PM
To: Davis, Maggie
Cc: Terry Fann
Subject: Re: Home Depot Claim# 20201158566 - BOWMAN, MICHAEL - 11/08/2020

**Ms. Davis: So we are clear and there is no misunderstanding later, are you claiming: 1) that there are no longer any materials in existence that are responsive to our requests, or 2) that you are just not going to provide anything? Please specify.**

**Thank you.**

Bill Jakes
Howell & Fisher PLLC
3310 West End Avenue, Suite 550
Nashville, Tn. 37203
Office: 615-244-3370
Direct: 615-921-5208
bjakes@howell-fisher.com
http://www.howell-fisher.com/bjakes.php

---

From: Davis, Maggie <Maggie.Davis@sedgwick.com>
Sent: Tuesday, August 31, 2021 8:04 AM
To: Bill Jakes <bjakes@howell-fisher.com>
Cc: Terry Fann <terryfann@wfptnlaw.com>
Subject: Re: Home Depot Claim# 20201158566 - BOWMAN, MICHAEL - 11/08/2020

Bill,

2

My apologies. I am not able to provide any reports at this time. I have requested any police reports etc from the county.

Maggie Davis | Claims Examiner
Sedgwick
DIRECT 800-253-4527
EMAIL Maggie.Davis@sedgwick.com
Atlanta, GA
Fax 770-901-3310
www.sedgwick.com<http://www.sedgwick.com> | Caring counts®

---

From: Bill Jakes <bjakes@howell-fisher.com>
Sent: Tuesday, August 31, 2021 8:46:05 AM
To: Davis, Maggie
Cc: Terry Fann
Subject: Re: Home Depot Claim# 20201158566 - BOWMAN, MICHAEL - 11/08/2020


**Please read Mr. Fann's November, 2020 letter and my previous emails.**

**I understand if you are refusing to produce anything but please just let me know.**

Bill Jakes
Howell & Fisher PLLC
3310 West End Avenue, Suite 550
Nashville, Tn. 37203
Office: 615-244-3370
Direct: 615-921-5208
bjakes@howell-fisher.com
http://www.howell-fisher.com/bjakes.php

---

From: Davis, Maggie <Maggie.Davis@sedgwick.com>
Sent: Tuesday, August 31, 2021 7:20 AM
To: Bill Jakes <bjakes@howell-fisher.com>
Cc: Terry Fann <terryfann@wfptnlaw.com>
Subject: Re: Home Depot Claim# 20201158566 - BOWMAN, MICHAEL - 11/08/2020

Bill,

**Good morning. What information are you seeking? I do want to advise an investigation has been completed and no payment will be made at this time, based on the same.**

Regards,
Maggie Davis | Claims Examiner
Sedgwick
DIRECT 800-253-4527

3

EMAIL Maggie.Davis@sedgwick.com
Atlanta, GA
Fax 770-901-3310
www.sedgwick.com<http://www.sedgwick.com><http://www.sedgwick.com> | Caring counts®

_____

From: Bill Jakes <bjakes@howell-fisher.com>
Sent: Monday, August 30, 2021 5:22:07 PM
To: Davis, Maggie
Cc: Terry Fann
Subject: Re: Home Depot Claim# 20201158566 - BOWMAN, MICHAEL - 11/08/2020

**Ms. Davis: Our first request for information was sent 8 months ago. This is the last request. Please respond.**

Bill Jakes
Howell & Fisher PLLC
3310 West End Avenue, Suite 550
Nashville, Tn. 37203
Office: 615-244-3370
Direct: 615-921-5208
bjakes@howell-fisher.com
http://www.howell-fisher.com/bjakes.php

_____

From: Bill Jakes <bjakes@howell-fisher.com>
Sent: Tuesday, August 17, 2021 6:28 AM
To: Maggie.Davis@sedgwick.com <Maggie.Davis@sedgwick.com>
Cc: Terry Fann <terryfann@wfptnlaw.com>
Subject: RE: Home Depot Claim# 20201158566 - BOWMAN, MICHAEL - 11/08/2020

**Ms. Davis: Attached is a copy of a letter prepared by my co-counsel, Terry Fann, which was sent to Home Depot on 2 occasions since the accident. Can you please let me know whether the information requested will be provided and, if so, when we can expect it?**

**Thank you.**

Bill Jakes
Howell & Fisher PLLC
3310 West End Avenue, Suite 550
Nashville, Tn. 37203
Office: 615-244-3370
Direct: 615-921-5208
bjakes@howell-fisher.com
http://www.howell-fisher.com/bjakes.php

4

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.