IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LANITA BOWMAN, individually and as widow )
and surviving spouse of MICHAEL BOWMAN, )
    Plaintiff, )
     )
v. )   Case No. 3:21-cv-00885
     )   Chief Judge Crenshaw/Frensley
HOME DEPOT U.S.A., INC. and )
JLG INDUSTRIES, INC., )
    Defendants. )

# ORDER

## I.    INTRODUCTION

Plaintiff Lanita Bowman filed this action against Defendants Home Depot U.S.A., Inc. "Home Depot") and JLG Industries, Inc. ("JLG") (collectively, "Defendants") in Rutherford County Circuit Court alleging negligence, strict liability, breach of warranty, and violation of the Tennessee Consumer Protection Act related to the death of Ms. Bowman's husband, Michael Bowman, which occurred as he was trimming tree limbs in a lift manufactured by JLG and rented to him by Home Depot. Docket No. 1-1. The case was subsequently removed to this Court. Docket No. 1. Home Depot and JLG have denied the relevant allegations and asserted affirmative defenses. Docket Nos. 8, 9.

This matter is now before the Court upon Ms. Bowman's Motion to Compel Discovery, which seeks discovery from Home Depot. Docket No. 24.[1] Home Depot has filed a Response in Opposition. Docket No. 31. Ms. Bowman has filed a Reply. Docket No. 34. For the reasons set forth below, Ms. Bowman's Motion (Docket No. 31) is **GRANTED IN PART** and **DENIED IN PART.**

---

[1] This document comprises both the Motion and the Supporting Memorandum.

## II. LAW AND ANALYSIS

### A. Discovery Requests and Motions to Compel

Discovery in federal court is governed by the Federal Rules of Civil Procedure, which provide that a party may request production of documents or other tangible items as long as the information sought is within the scope of discovery. Fed. R. Civ. P. 34(a); *see also* Fed. R. Civ. P. 26(b)(1). Interrogatories are covered by Rule 33, which provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). In general, the scope of discovery extends to nonprivileged information that is relevant to any party's claim or defense, regardless of whether the information sought is admissible, that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

The Rules were amended, effective December 1, 2015, in part to address the alleged costs and abuses attendant to discovery. Under Rule 26, "[t]here is now a specific duty for the court and the parties to consider discovery in the light of its 'proportional[ity] to the needs of the case . . . .'" *Turner v. Chrysler Grp. LLC*, No. 3:14-1747, 2016 U.S. Dist. LEXIS 11133, at *2, (M.D. Tenn. Jan. 27, 2016), *quoting* Fed. R. Civ. P. 26(b)(1). The following factors are relevant to a consideration of whether the scope of discovery is proportional:

> (1) the importance of the issues at stake in the action,
> (2) the amount in controversy,
> (3) the parties' relative access to relevant information,
> (4) the parties' resources,
> (5) the importance of the discovery in resolving the issues, and
> (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (numbering added). "Nevertheless, the scope of discovery is, of course, within the broad discretion of the trial court." *United States v. Carell*, No. 3:09-0445, 2011 U. S. Dist. LEXIS 57435 at *5 (M.D. Tenn. May 26, 2011), *quoting Lewis v. ACB Bus. Servs., Inc.*, 135

F.3d 389, 402 (6th Cir. 1998) (internal quotation marks omitted).

After making a good faith effort to resolve a dispute, a party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). The moving party "must demonstrate that the requests are relevant to the claims or defenses in the pending action." *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5, *quoting Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008) (internal quotation marks omitted). "Relevance for purposes of discovery is broadly construed and the information sought need not be admissible to be discoverable." *T.C. ex rel S.C. v. Metro Gov't of Nashville & Davidson Cty.*, No. 3:17-01098, 2018 WL 3348728, 2018 U.S. Dist. LEXIS 113517, at *17 (M.D. Tenn. July 9, 2018). "If relevancy is shown, the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules." *Carrell*, 2011 U.S. Dist. LEXIS 57435, at *5 (internal quotation marks and citation omitted).

The Court has the authority under Rule 26(b)(2)(C) to limit the frequency or the extent of discovery otherwise allowed by the rules. The Sixth Circuit has observed that "the desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Surles v. Greyhound Lines, Inc.*, 474 F. 3d 288, 305 (6th Cir. 2007), *quoting Scales v. J. C. Bradford*, 925 F. 2d 901, 906 (6th Cir. 1996) (internal quotation marks omitted). As to the judge's role in discovery disputes, "[t]he revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery." *Surles,* 474 F. 3d at 305.

B.    **The Parties' Discovery Dispute**

Ms. Bowman maintains that Home Depot's initial disclosures and initial discovery responses were deficient in the extreme. Docket No. 24. For example, Ms. Bowman asserts that

3

Home Depot's initial disclosures "failed to identify even one single individual with knowledge of any discoverable information." *Id.* at 3. Ms. Bowman also contends that Home Depot failed to sign or certify its interrogatory answers, failed to identify any person who contributed to its answers, did not provide the source of the "information and belief" upon which its answers were founded, and did not provide any witnesses' names, addresses, or contact information. *Id.* at 7-9. Ms. Bowman asserts that Home Depot's responses to her requests for production were similarly deficient. *Id.* at 9-10. For example, she argues that Home Depot did not provide its insurance policy, improperly asserted "self-imposed limitations and objections," and generally gave responses that were "evasive and unresponsive." *Id.* Additionally, she asserts that Home Depot was unresponsive to her counsel's attempts to bring these deficiencies to its attention for over two months, until such time as she was forced to file the instant Motion. *Id.* at 3.

Home Depot maintains that its initial responses were sufficient. Docket No. 31. Home Depot does not dispute that it was notified by Ms. Bowman of the claimed discovery response deficiencies on February 2, 2022 and did not supplement any of its responses until April 6, 2022 or later. *Id.* at 3-6. Home Depot attributes its lack of supplementation to the personal issues of its former attorney, Arthur Smith, whose parents were in poor health. *Id.* at 3. Home Depot maintains that it supplemented its responses by producing all responsive, non-privileged information beginning on April 6, 2022, the day the Motion was filed, and appears to argue that Ms. Bowman was therefore unjustified in filing her Motion. *Id.* at 3-7. Home Depot requests that the Court impose sanctions on Ms. Bowman for her filing of a "frivolous motion," suggesting that Ms. Bowman's counsel was not sufficiently sympathetic to Mr. Smith's personal problems. *Id.* Home Depot has asserted privilege objections to some requests based on the attorney-client privilege and the work product doctrine. Docket Nos. 25-1; 31-2. Ms. Bowman argues that Home Depot has

4

waived its attorney-client privilege and work product protection by failing to timely assert them or produce a privilege log. Docket No. 24, p. 5-7.

As an initial matter, the Court sees no evidence to support Home Depot's assertion that Ms. Bowman or her counsel "seek[] to take advantage of Mr. Smith's personal circumstances . . . ." Docket No. 31, p. 8. It appears that Ms. Bowman's counsel, William Jakes, comported himself professionally and behaved courteously to Mr. Smith, including by agreeing to multiple extensions. Docket Nos. 25, 25-3 through 25-6. Mr. Smith's personal issues notwithstanding, Home Depot does not dispute that no discovery response supplementations were forthcoming for over two months, despite assurances that they would be provided. Under these circumstances, it is understandable that Ms. Bowman's counsel felt the need to file the instant Motion, despite his sympathy for Mr. Smith's personal situation.

**1. Home Depot's Assertion of Attorney-client Privilege and Work Product Protection**

The party asserting the attorney-client privilege has the burden of demonstrating that the privilege applies. Fed. R. Civ. P. 26(b)(5); *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983). While "[t]he party raising a privilege has the burden of establishing the existence of the privilege," privilege cannot be established as a "blanket" claim, but must be asserted, challenged, and examined on a document-by-document basis. *Auto-Owners Ins. Co. v. A.G.O. Contracting, Inc.*, No. 3:14-1353, 2015 WL 13845881, 2015 U.S. Dist. LEXIS 195361, at *4 (M.D. Tenn. Sept. 10, 2015).

The Federal Rules do not provide guidance on the timing of privilege log production. Rule 26, which addresses discovery, sets forth the information that must be provided to opponents when withholding otherwise discoverable documents. "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial

5

preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

Home Depot has objected to many of the disputed discovery requests on the basis that the information sought is protected by the attorney-client privilege or the work product doctrine. *See* Docket Nos. 25-1; 31-2. It is undisputed that Home Depot did not serve a privilege log with its initial discovery responses, which were provided in January 2022. Docket No. 31, p. 5. It is further undisputed that Home Depot did provide such a log when it supplemented its responses in April 2022. *Id.*

Ms. Bowman does not argue that Home Depot's log itself is deficient; rather, she maintains that Home Depot waived its privilege and work product protections by not providing a privilege log with its initial responses. *See* Docket No. 24. Ms. Bowman points to *Etheredge v. Etheredge* for the proposition that having failed to initially produce a privilege log, Home Depot has waived its privilege and work product objections. Docket No. 24, p. 5-7, *citing* Civil Action No. 1:12-0165, 2013 WL 4084642 (M.D. Tenn. Aug. 12, 2013). Yet in *Etheredge*, the defendants appear to have *never* provided "any information to enable the Court to determine the appropriateness of the privileges asserted . . . ." *Id.* at *4-5. Here, there is no dispute that Home Depot has now furnished this information, and did so almost immediately upon the filing of Ms. Bowman's Motion (contemporaneously with its eventual production of documents). Docket No. 31, p. 5. While it would have been preferable for Home Depot to provide its privilege log (and the non-privileged requested documents and information) sooner, under the circumstances its delay does not warrant the extreme result of a waiver of its attorney-client privilege and work product

protection.

### 2. Disputed Interrogatories

#### a) Interrogatory No. 1:

> 1. Identify all persons who contributed to answering these interrogatories, including each person's full name and address, title, contact phone number, relationship to Home Depot, U.S.A., Inc., and the nature and substance of each person's contribution to answering these interrogatories.

Docket No. 25-1, p. 2.

Home Depot initially responded by objecting and stating that "the answers were prepared with the advice and assistance of counsel" and identifying Elizabeth Rector, Litigation Paralegal as the person by whom "[t]he verification will be signed . . . ." Docket No. 25-1, p. 2-3.

Ms. Bowman argues that in addition to the fact that all of the Interrogatory Responses were unsigned and unsworn to, the response to Interrogatory No. 1 "failed to disclose or identify any person who contributed to the defendant's answers as requested" and "failed to provide the information which formed the basis for its answers made on 'information and belief' . . . ." Docket No. 24, p. 7 (emphasis in original).

Following Home Depot's April 2022 production, it appears that there is no longer a dispute regarding the information sought by this Interrogatory, although Ms. Bowman continues to identify concerns with Home Depot's original response:

> Only [after the Motion was filed] did Home Depot produce ordinary business records which have been in existence since the day of the accident and identify these employees. It offers no explanation why these materials were not produced or why the materials and employees were not identified in initial disclosures. It also offers no explanation for its failure to sign its interrogatory answers and no explanation for its failure to correct this omission once the omission was pointed out as required by Rule 26(g)(2), F.R.C.P.

Docket No. 34, p. 4.

7

The Court agrees with Ms. Bowman as to the deficiencies of the original response, which identified only a litigation paralegal; however, as the information responsive to this Interrogatory has been produced, there is no longer a dispute requiring the Court's intervention.

**b) Interrogatory No. 3:**

> 3. For each person and entity you identified in response to Interrogatory No. 2, describe in detail why you contend each person and entity is legally responsible for Michael Bowman's injuries and damages at issue in this case.

Docket No. 25-1, p. 3.

The only "person or entity" identified in Home Depot's response to Interrogatory No. 2 is Michael Bowman himself. Docket No. 25-1, p. 3. Ms. Bowman does not assert that Home Depot's response to Interrogatory No. 2 is insufficient; rather, Ms. Bowman points to Home Depot's mention of "others," plural, in its Sixth Affirmative Defense and requests that Home Depot identify the "others" referred to or state that there are no "others." Docket No. 34, p. 4, *citing* Docket No. 9.

This Interrogatory specifically references Interrogatory No. 2, and asks for additional information regarding any individual or entity identified in Home Depot's response to that Interrogatory. In its response to Interrogatory No. 2, Home Depot identified only Michael Bowman. Docket No. 25-1, p. 3. Therefore, Home Depot's response to Interrogatory No. 3 cannot be deficient on the basis that it does not discuss individuals other than Mr. Bowman. If Ms. Bowman wishes to inquire about the "others" upon whom Home Depot's Sixth Affirmative Defense might rely, she can ask for that information, but she has not done so here. Therefore, no further response is required.

**c) Interrogatory No. 7:**

> 7. Describe in detail how the lift last left Home Depot's possession,

> custody, and control on or before November 8, 2020. In your answer, identify all dates, persons, entities, locations, and circumstances relating to how the lift last left Home Depot's possession, custody, and control.

Docket No. 25-1, p. 6.

Ms. Bowman contends that the information sought by this Interrogatory is relevant because:

> Defendant JLG's "Manual of Responsibilities" places numerous safety obligations on Home Depot as the owner and lessor of the lift. Whether it complied with JLG's warnings, directives and recommendations when renting the lift is relevant to Plaintiff's claims and Home Depot's defenses.

Docket No. 34, p. 5 (citation omitted).

Under the broad standard for relevance in discovery, the Court finds that the information sought by this Interrogatory is relevant to the Parties' claims and defenses, including Ms. Bowman's claim that "[b]y choosing to omit feasible and available materials, warnings and safety technologies from the lift that would have prevented Bowman's ejection and fall to his death, and all of Plaintiff's damages, Defendant Home Depot committed an unfair, deceptive, and unlawful practice affecting trade or commerce within the meaning of the Tennessee Consumer Protection Act of 1977." Docket No. 1-1, p. 6.

Having found the information to be relevant, the burden thus passes to Home Depot to show that its production would be unduly burdensome or that the information is otherwise not discoverable under the Federal Rules. *Carrell*, 2011 U.S. Dist. LEXIS 57435, at *5. While Home Depot argues that "the burden and expense outweighs the benefit," Home Depot does not provide enough information for the Court to conclude that production would impose an undue burden. Docket No. 31, p. 10; *see Anderson*, 251 F.R.D. at 311 ("a general statement that the discovery is overly broad and unduly burdensome . . . by itself is insufficient to deny discovery."). Therefore,

9

Home Depot must supplement its response.

    **d) Interrogatories Nos. 8-10:**

> 8. Has Home Depot ever been named as a defendant in a lawsuit where the consumer alleged that he or she was injured while using a lift rented by Home Depot? If yes, state the full caption, case number, and name of the court for every such lawsuit.
>
> . . .
>
> 9. Has Home Depot ever been named as a defendant in a lawsuit where the consumer alleged that he or she was injured while using a lift sold or rented by Home Depot? If yes, state the full caption, case number, and name of the court for every such lawsuit.
>
> . . .
>
> 10. Has Home Depot ever been named as a defendant in a lawsuit where the consumer alleged that he or she was injured because Home Depot negligently entrusted or rented a lift to a person who was not properly trained or capable of operating the lift? If yes, state the full caption, case number, and name of the court for every such lawsuit.

Docket No. 25-1, p. 7-8.

After outlining its concerns with the scope of these Interrogatories, Home Depot indicates that it supplemented its responses on April 14, 2022 by identifying "all lawsuit[s] against Home Depot throughout the entire United States where a customer claimed they [*sic*] were injured in a fall from a JLG boom lift during the three-years prior to the subject-incident." Docket No. 31, p. 13. It is unclear from Ms. Bowman's Reply whether this supplement is considered sufficient to her needs. *See* Docket No. 34, p. 5. The Court finds that Home Depot's supplemental response provides relevant information sought by these Requests. To the extent that Ms. Bowman contends that the supplemental response omits other relevant information, she has not demonstrated that to the Court. Therefore, no additional response by Home Depot is required.

    **e) Interrogatory No. 11:**

> 11. Identify all persons who: a) were involved in and/or who have knowledge of any lift rental transactions between Home Depot and Michael Bowman, b) who have knowledge of the accident which is the subject of this case, c) who have knowledge of any communications of any type between Home Depot and Michael Bowman, and d) who have any knowledge of any safety warnings, directions, instructions or training provided to Michael Bowman before the accident of November 8, 2020. Include in your answer each person's full name and address, title, contact phone number, relationship to Home Depot U.S.A., Inc., and the nature and substance of each person's knowledge.

Docket No. 25-1, p. 9.

It appears that this Interrogatory has now been answered to Ms. Bowman's satisfaction. *See* Docket No. 34, p. 5-6. That being the case, there is no longer a dispute that requires the Court's attention.

**f) Interrogatory No. 12:**

> 12. Describe in detail the business relationship between Defendant Home Depot U.S.A., Inc., and JLG Industries, Inc., regarding the rental of JLG lifts by Defendant Home Depot to consumers in Tennessee.

Docket No. 25-1, p. 10.

Ms. Bowman contends that "[w]hether JLG was involved in, or provided support and training for lift rentals is relevant and proportional to the needs of the case." Docket No. 34, p. 6. The Court agrees, while noting that this statement is a narrowing of the original Interrogatory, which, as written, is likely to capture much that is irrelevant. Home Depot has not demonstrated that production would be unduly burdensome or that the information sought is otherwise not discoverable under the Federal Rules. *See* Docket No. 31. Therefore, the Court will narrow the Interrogatory as Ms. Bowman has suggested and require Home Depot to answer the Interrogatory as though it asks "whether JLG was involved in or provided support and training for lift rentals of JLG lifts by Home Depot to consumers in Tennessee."

11

**g) Interrogatory No. 14:**

> 14. Identify the person who picked up the JLG lift from the Plaintiff's residence after being notified of Michael Bowman's fall and fatal injuries, and include the date it was picked up and where it was stored.

Docket No. 25-1, p. 11.

It is undisputed that Home Depot did not provide any information in response to this Interrogatory in its initial response. *See* Docket No. 25-1, p. 11. In its supplemental response, served after the filing of this Motion, Home Depot identified two individuals. Docket No. 31-2, p. 31-32. Ms. Bowman contends that Home Depot "refused to provide the addresses and phone numbers of these employees." Docket No. 34, p. 6.

As the Parties appear to agree that the two individuals in question are employees of Home Depot, the Court will not order Home Depot to produce their home addresses and phone numbers at this time. Ms. Bowman does not explain why she needs personal contact information for the employees or allege that they cannot be contacted through their attorneys.

**3. Disputed Requests for Production (RFP)**

**a) RFP Nos. 1, 2, 5, 6, 7:**

> 1. All photographs, video recordings, and audio recordings depicting the lift.
>
> . . .
>
> 2. All photographs, video recordings, and audio recordings depicting Plaintiff or Michael Bowman.
>
> . . .
>
> 5. All documents and statements made by any person or entity relating to the lift or to the injuries and damages at issue in this case.
>
> . . .

12

> 6. All documents and statements made by you or on your behalf relating to your investigation of the lift and/or the injuries to Michael Bowman after his fall.
>
> . . .
>
> 7. All documents and statements made by you or on your behalf relating to your investigation of Plaintiff's or Michael Bowman's injuries or damages at issue in this case.

Docket No. 25-1, p. 14-16.

Ms. Bowman asserts that:

> Home Depot objected on privilege and work product grounds and produced virtually nothing until after this motion was filed. Home Depot did not identify any materials withheld as required by Rule 26(b)(5)(a), F.R.C.P. until this motion was filed. As such, Plaintiff submits that Home Depot's privilege and work product objections are waived.

Docket No. 34, p. 6.

As discussed above, the Court finds that Home Depot should not be subjected to the extreme result of waiver of its attorney-client privilege and work product protection under these circumstances, where its privilege log followed its initial responses only about two months later. As that appears to be Ms. Bowman's sole argument regarding Home Depot's responses to these Requests, no additional response is necessary.

**b) RFP No. 8:**

> 8. All policies of insurance, including excess and umbrella policies, naming either defendant as an insured and providing coverage for Plaintiff's injuries and damages at issue in this case.

Docket No. 25-1, p. 17.

Pursuant to Rule 26, "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment" is unquestionably relevant, and indeed, must be produced

"for inspection and copying" as part of a party's initial disclosures "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1)(A)(iv). In Home Depot's initial disclosures and its Response, Home Depot states that it has "a self-insured retention of one million dollars pursuant to a policy of insurance that then affords liability coverage above the one million dollar retention." Docket No. 25-2, p. 2-3; Docket No. 31, p. 16. In response to Ms. Bowman's Motion, Home Depot agrees to produce "the declaration page for its policy of insurance for $9 million." Docket No. 31, p. 16. Ms. Bowman replies that "this response is unacceptable." Docket No. 34, p. 7.

Ms. Bowman's Complaint seeks damages of more than $1 million, the amount of Home Depot's "self-insured retention." Docket No. 1-1, p. 17. As such, Home Depot's insurance agreement is one "under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Therefore, it must be produced for inspection and copying pursuant to Rule 26.

c) **RFP No. 12:**

> 12. All documents, including but not limited to all contracts, bills of sale, receipts, and tracking information, relating to how the lift left Home Depot U.S.A., Inc., before the subject accident involving Michael Bowman.

Docket No. 25-1, p. 18.

As the Party seeking to compel discovery, Ms. Bowman has the burden of establishing that the information sought by this Request is relevant. *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5. Her argument regarding this Request is that "Home Depot has again improperly asserted self-imposed limitations and objections to this response" and that "[t]he information is discoverable and proportional for the same reasons set forth as to Interrogatory 7, above." Docket No. 24, p. 9; Docket No. 34, p. 7. As previously set forth, Ms. Bowman contends that the information sought by Interrogatory No. 7 is relevant because:

14

> Defendant JLG's "Manual of Responsibilities" places numerous safety obligations on Home Depot as the owner and lessor of the lift. Whether it complied with JLG's warnings, directives and recommendations when renting the lift is relevant to Plaintiff's claims and Home Depot's defenses.

Docket No. 34, p. 5.

The Court agrees that "whether [Home Depot] complied with JLG's warnings, directives and recommendations when renting the lift" is relevant to the Parties' claims and defenses. But, the Request as written is far broader than that. Ms. Bowman does not explain how "[a]ll documents, including but not limited to all contracts, bills of sale, receipts, and tracking information, relating to how the lift left Home Depot U.S.A., Inc., before the subject accident involving Michael Bowman" are relevant to the issue of whether Home Depot complied with JLG's warnings, directives and recommendations when renting the lift. The Court will therefore narrow this Request to include only relevant information. Home Depot must produce all documents relating to JLG's warnings, directives and recommendations when renting the lift in question to Mr. Bowman.

### d) RFP No. 13:

> 13. Copies of all packaging, manuals, instructions, warnings, pamphlets, labels, stickers, and other literature provided with the lift to Home Depot by JLG.

Docket No. 25-1, p. 19.

In its January 28, 2022 response to this Request, Home Depot stated:

> All responsive documents were provided to Home Depot in a compartment on the Lift itself, and remain with the Lift, as stored since the incident. Plaintiff can either inspect those at the time of the product inspection scheduled for March 23, 2022, or Home Depot will, upon request, remove them from the compartment and make copies, and send the copies to Plaintiff's counsel.

Docket No. 25-1, p. 19. On February 10, 2022, Ms. Bowman's counsel appears to have followed

15

up on the offer to attend the inspection, at which point Mr. Smith responded that **"[t]he reference to a product inspection was a mistake. That was actually scheduled in another case and I apologize for conflating the two."** Docket No. 25-3, p. 3; Docket No. 35-1, p. 2 (emphasis in original).

Nevertheless, it appears that Home Depot provided the materials sought by this Request after the instant Motion was filed. *See* Docket No. 34, p. 7-8; Docket No. 31, p. 17-18. As such, there is no dispute requiring the Court's intervention.

**e) RFP No. 25:**

> 25. All federal and state codes, statu[t]es, regulations, and industry standards on which you rely in support of your claim that the lift is not defective or unreasonably dangerous.

Docket No. 25-1, p. 23.

Under the broad standard for relevance in discovery, the Court finds that the information sought by this Request is relevant to the Parties's claims and defenses, including Ms. Bowman's claim that Home Depot "[n]egligently supplied and/or rented the faulty, defective and dangerous product for which it was foreseeable could harm [*sic*] the general consuming public, such as Michael Bowman, without proper instruction, warnings, safety devices, and training for its use . . . ." Docket No. 1-1, p. 3.

The burden thus passes to Home Depot to establish that production of the information would be unduly burdensome, or that the information is otherwise not discoverable under the Federal Rules. *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5. To that end, Home Depot asserts that the Request is "an impermissible 'contention' request," that it seeks mental impressions and conclusions "under the work-product doctrine," and that it is "an improper attempt to force Home Depot to marshal and disclose its evidence for trial." Docket No. 31, p. 18.

16

Home Depot does not cite to any authority for the proposition that a "contention request" is impermissible, and the Court has found none. A sister District Court has addressed requests that "ask for documents which support the claims of the [party]," finding that "[t]his type of 'contention' request is an attempt to clarify the basis of the opposing parties' claims and is permissible." *JP Morgan Chase Bank, N.A. v. Winget*, Case No. 08-13845, 2010 U.S. Dist. LEXIS 155081, at *4 (E.D. Mich. May 21, 2010). The *Winget* Court elaborates:

> Rule 33(a)(2), relating to interrogatories, specifically permits "contention" questions and that type of discovery is "perfectly permissible." *Starcher v. CMS*, 144 F.3d 418, 421 n.2 (6th Cir. 1998). Rule 34, relating to requests for production of documents, does not contain a similar authorization for "contention" requests but there is no substantive, meritorious reason for not allowing "contention" requests for production.
> . . .
> Contention discovery requests are appropriate in that they are consistent with Rule 11 requirements that there be a legal and factual basis for claims included in pleadings.

*Id.* at n.2. The Court agrees with this reasoning and finds no reason to deny the discovery sought on this ground.

If Home Depot contends that the information sought by this Request is protected by the work product doctrine, it may respond by so stating and logging the withheld material pursuant to Rule 26(b)(5)(A). Home Depot's assertion that the Request is improper because it constitutes an "attempt to force Home Depot to marshal and disclose its evidence for trial" is similarly unavailing. Certainly, Home Depot will be required to disclose its "evidence for trial" in advance of that proceeding. To the extent that Home Depot has not yet "marshaled" this evidence, it may respond by stating that there are no responsive documents within its possession, custody, or control.

As Home Depot does not argue that the information sought would be unduly burdensome to produce and the Court is not persuaded by its arguments that the information is otherwise not

discoverable under the Federal Rules, Home Depot must produce all responsive documents within its possession, custody, or control.

**f) RFP Nos. 28-29:**

> 28. All documents reflecting your document retention policy.
>
> . . .
>
> 29. All documents reflecting your document destruction policy.

Docket No. 25-1, p. 24-25.

As the Party seeking to compel discovery, Ms. Bowman bears the burden of demonstrating the relevance of the information sought by the Requests. *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5. Ms. Bowman has made the following arguments regarding these Requests:

> The request for information regarding Home Depot's document retention and destruction policies is simple and straightforward. Home Depot has again improperly asserted self-imposed limitations and objections. In addition, Plaintiff has offered to narrow the scope of these requests to the document retention and destruction policies as pertains to personal injury and/or death claims arising from product rentals including but not limited to lifts. Home Depot has not responded.

Docket No. 24, p. 10

> Plaintiff seeks to discovery Home Depot's document retention and destruction policies. Home Depot's claim that Plaintiff is seeking "every piece of paper" is a blatant misrepresentation. As reflected in Plaintiff's counsel's declaration and communications with Home Depot counsel, beginning in February, 2022 Plaintiff['s] counsel offered to narrow the parameters of the request. Home Depot's counsel never responded.

Docket No. 34, p. 8 (citation omitted).

The Court finds that Ms. Bowman has not demonstrated that the information sought by these Requests is relevant to any Party's claim or defense. Further, there has not been any evidence or even allegation that Home Depot has failed to properly retain documents or has improperly

destroyed them.  Therefore, no further response to these Requests is required.

> g) **RFP Nos. 31-32:**
>
>> 31.  All complaint files or databases created or maintained by you or on your behalf reflecting or relating to injuries resulting during the use of any lift manufactured by JLG.
>>
>> . . .
>>
>> 32.  All complaint files of databases created or maintained by you or on your behalf reflecting or relating to injuries resulting during the use of any lift rented by Home Depot.

Docket No. 25-1, p. 26-27.

Ms. Bowman contends that the information sought by these Requests is relevant because "Plaintiff seeks to discover information related to lift accidents."  Docket No. 34, p. 8.  The Court finds that under the broad standard for relevance in discovery, such information is relevant to the Parties' claims and defenses if the Request is narrowed to seek information related to injuries from a fall during the use of any lift rented by Home Depot within the last five years.

This narrowing should address Home Depot's assertion that the Requests are overbroad.  To the extent that Home Depot maintains that responsive documents are privileged, it may respond by so stating and logging the documents pursuant to Rule 26(b)(5)(A).  As to Home Depot's contention that responding to these Requests might violate "HIPAA privacy rights," "HIPAA applies to a health plan, a health clearinghouse, or a healthcare provider who transmits any health information in an electronic form in connection with a transaction referred to in Section 1320d-2(a)(1) of this title."  *U.S. v. Mathis*, 377 F. Supp. 2d 640, 645 (M.D. Tenn. 2005), *citing* 42 U.S.C.A. §1320d-1(a) (internal quotation marks omitted).  As it does not appear to the Court that Home Depot is one of these covered entities, its concern as to HIPAA is unwarranted.

> C. **Home Depot's Request for Sanctions**

19

Despite acknowledging that it failed to respond to some of Ms. Bowman's counsel's emails and failed to supplement its discovery responses for over two months (attributing such failures to the poor health of its attorney and his aging parents), Home Depot requests that it be awarded sanctions "for having to respond to this frivolous motion." Docket No. 31, p. 21. This request is also made in spite of the fact that the Motion was clearly necessary and effective, as it appears to have prompted the immediate production of long-promised discovery and a privilege log. *See* Docket No. 31, p. 4-6.

The Court notes Home Depot's conduct in failing to respond effectively for over two months to Ms. Bowman's concerns with its discovery responses, many of which were clearly legitimate. Notwithstanding Mr. Smith's personal issues, Home Depot is capably represented by other attorneys who should have been able to assist Mr. Smith or take over the management of this litigation during his period of unavailability. Although the Court is not ordering additional responses to all of the discovery requests identified by Ms. Bowman, on the whole, the Court finds that Home Depot's initial responses were lacking. In many cases, no additional response is being ordered at this time only because Home Depot subsequently (on the day this Motion was filed or thereafter) supplemented its responses. Under the circumstances, the Court cannot find that Ms. Bowman's Motion is frivolous. Home Depot's request for sanctions is denied.

### III.  CONCLUSION

For the foregoing reasons, Ms. Bowman's Motion (Docket No. 24) is **GRANTED IN PART** and **DENIED IN PART.**

IT IS SO ORDERED.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**